**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| STELLAR SEMICONDUCTOR TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | CASE NO. 2:26-CV-00673-RWS<br><br>**JURY TRIAL DEMANDED** |

# SAMSUNG'S PARTIAL MOTION TO DISMISS

# TABLE OF CONTENTS


I. **Introduction** ........ 1

II. **Background** ........ 2

III. **Legal Standard** ........ 3

IV. **Stellar's Claims for Pre-Suit Damages Should Be Dismissed for Failure to Plead Compliance with 35 U.S.C. § 287(a).** ........ 3

- A. Stellar Bears the Burden to Plead Compliance With the Marking Statute, Including by Its Licensees. ........ 3
- B. Stellar's Marking Allegation Is a Bare Legal Conclusion Lacking Any Supporting Factual Allegations. ........ 5

V. **Conclusion** ........ 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)....................4, 5

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
950 F.3d 860 (Fed. Cir. 2020)....................4, 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................3

*Bowlby v. City of Aberdeen, Miss.*,
681 F.3d 215 (5th Cir. 2012)....................3

*Dunlap v. Schofield*,
152 U.S. 244 (1894)....................5

*Estech Sys., Inc. v. Target Corp.*,
No. 2:20-cv-00123-JRG-RSP, 2020 WL 6496425 (E.D. Tex. Aug. 10, 2020), *report and recommendation adopted*, 2021 WL 966016 (E.D. Tex. Mar. 12, 2021)....................6

*Gonzalez v. Kay*,
577 F.3d 600 (5th Cir. 2009)....................3

*Longhorn Auto. Grp., LLC v. Mitsubishi Motors Corp.*,
No. 2:24-cv-685-JRG, Dkt. 41 (E.D. Tex. Dec. 19, 2025)....................6

*Network Sys. Techs., LLC v. Texas Instruments Inc.*,
No. 2:22-CV-000482-RWS, 2023 WL 12278025 (E.D. Tex. Sept. 25, 2023)....................3

*Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*,
No. 2024-1783, 2025 WL 3653227 (Fed. Cir. Dec. 17, 2025)....................4

*VDPP, LLC v. Volkswagen Grp. of Am., Inc.*,
186 F.4th 1372 (Fed. Cir. 2026)....................1, 4, 5, 6

*X1 Discovery, Inc. v. Microsoft Corp.*,
No. SACV 23-2415-GW-JDEX, 2026 WL 2632837 (C.D. Cal. Aug. 27, 2026)....................5

## I. INTRODUCTION

Plaintiff Stellar Semiconductor Technologies, LLC ("Stellar") accuses Defendants Samsung Electronics Co., Ltd. ("Samsung Korea") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") of infringing six semiconductor patents that allegedly read on processors incorporated into Samsung products. Stellar seeks damages for Samsung's alleged "past" infringement. Dkt. 1 ¶ 129; *see id.* at Prayer for Relief ¶¶ (c)–(d). Among the many shortcomings in Stellar's complaint, Stellar fails to plausibly plead compliance with the marking statute, which is a prerequisite to recovering pre-suit damages. This deficiency is appropriate for resolution at the pleading stage—Stellar's claim for pre-suit damages should be dismissed.

Stellar's only allegation regarding compliance with the marking statute is a single, qualified sentence that it repeats for each Asserted Patent: "To the extent applicable, Plaintiff has complied with 35 U.S.C. § 287(a)." Dkt. 1 ¶¶ 21, 24, 27, 30, 33, 36. Moreover, even beyond the deficiency represented by that bare and conclusory assertion concerning Stellar's compliance, Stellar is not the original assignee of the Asserted Patents, and it has not pled that the prior assignees (or any licensees) complied with § 287(a). As the Federal Circuit affirmed in August of this year, a patentee seeking pre-suit damages has the "burden to plead compliance with the notice provision of 35 U.S.C. § 287(a), including compliance by [its] licensees." *VDPP, LLC v. Volkswagen Grp. of Am., Inc.*, 186 F.4th 1372, 1376–77 (Fed. Cir. 2026). In the absence of "any supporting factual allegations," a "bare legal conclusion[]" that "all statutory requirements to obtain pre-suit damages" have been met is insufficient to satisfy that burden. *Id.* at 1377.

Given these insufficiencies in Stellar's complaint, Samsung respectfully asks this Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss Stellar's claims for pre-suit damages.

## II. BACKGROUND

On August 7, 2026, Stellar filed its complaint against Samsung, asserting infringement of U.S. Pat. Nos. 9,219,140, 9,281,367, 9,589,966, 9,673,100, 9,899,267, and 12,087,666 (collectively, the "Asserted Patents"). Dkt. 1 ¶ 1. The face of each Asserted Patent shows the patent's original assignee was United Microelectronics Corporation. *See* Dkts. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6 at Cover. Stellar alleges it "holds by assignment all rights and title to" each Asserted Patent. Dkt. 1 ¶¶ 19, 22, 25, 28, 31, 34.

The Asserted Patents are generally directed to semiconductor device structures. *See id.* ¶¶ 20, 23, 26, 29, 32, 35. Stellar's complaint describes the "Accused Products" as "Samsung-branded consumer devices—including smartphones and tablets—that incorporate one or more of the Accused Processors," *id.* ¶ 50, which Stellar identifies as certain Qualcomm Snapdragon and Samsung Exynos processors that allegedly "embody the inventions claimed in the Asserted Patents," *id.* ¶ 48. Stellar alleges direct, induced, and contributory infringement for each Asserted Patent (Counts I–VI) and a separate count of willful infringement of each Asserted Patent (Count VII). *See id.* ¶¶ 53–129.

Stellar's complaint seeks an "award of damages adequate to compensate Stellar for Defendants' ***past*** and ongoing infringement of the Asserted Patents." Dkt. 1 at Prayer for Relief ¶ (c). Yet, as to marking, which is a legal prerequisite for recovering pre-suit damages, the complaint merely states, as to each Asserted Patent, that "[t]o the extent applicable, Plaintiff has complied with 35 U.S.C. § 287(a) with respect to the [asserted] patent." *Id.* ¶¶ 21, 24, 27, 30, 33, 36. Stellar does not allege that the marking statute does not apply to Stellar or its predecessors or that Stellar, its predecessor assignees, and any licensee marked practicing products or were not under an obligation to mark. Nor does the complaint allege that Stellar provided Samsung with actual pre-suit notice of any Asserted Patent or alleged act of infringement before Stellar filed suit—indeed, Stellar acknowledges no such notice was

provided by instead alleging, for each Asserted Patent, that Samsung has had "knowledge of the [asserted] patent and of its infringement" "[a]t least as of the filing and service of this Complaint." *Id.* ¶¶ 66, 77, 88, 99, 110, 122.

## III. LEGAL STANDARD

To avoid dismissal under Federal Rule 12(b)(6) for failure to state a claim, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Network Sys. Techs., LLC v. Texas Instruments Inc.*, No. 2:22-CV-000482-RWS, 2023 WL 12278025, at *1 (E.D. Tex. Sept. 25, 2023). In evaluating whether Stellar has met this bar, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted); *see also Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) ("A complaint is insufficient if it offers only 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action.'") (quoting *Iqbal*, 556 U.S. at 678). Dismissal is warranted "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," in which case "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citation omitted).

## IV. STELLAR'S CLAIMS FOR PRE-SUIT DAMAGES SHOULD BE DISMISSED FOR FAILURE TO PLEAD COMPLIANCE WITH 35 U.S.C. § 287(A).

### A. Stellar Bears the Burden to Plead Compliance With the Marking Statute, Including by Its Licensees.

35 U.S.C. § 287(a) states that where patented articles are made or sold by, for, or under the patentee, the patentee may not recover damages for any period before it provided either

constructive notice via marking or actual notice to the accused infringer.[1] "The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (hereinafter, "*Arctic Cat I*"). "A patentee's licensees must also comply with § 287, because the statute extends to 'persons making or selling any patented article for or under [the patentee].'" *Id.* (citation omitted).

In a precedential decision issued in August 2026, on appeal from the Southern District of Texas, the Federal Circuit recently applied these principles to reject a claim for pre-suit damages at the pleading stage. In *VDPP*, the Federal Circuit determined that "[b]ecause VDPP sought pre-suit damages, VDPP had a burden to plead compliance with the notice provision of 35 U.S.C. § 287(a), including compliance by VDPP's licensees." 186 F.4th at 1376. The court rejected the plaintiff's allegations that it "has pled all statutory requirements to obtain pre-suit damages" and that "all conditions precedent to recovery are met" as "bare legal conclusions we need not—and do not—accept as true in view of the . . . lack of any supporting factual allegations." *Id.* at 1377. The Federal Circuit also rejected the plaintiff's reliance on its status as a non-practicing entity, because "the law requires that '[a] patentee's licensees must also comply with § 287.'" *Id.* (quoting *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) (hereinafter, "*Arctic Cat II*")); *see also Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, No. 2024-1783, 2025 WL 3653227, at *4 (Fed. Cir. Dec. 17, 2025) ("[T]he fact that Ortiz does not make and sell products does not relieve it of the duty to ensure that any products made by its licensees that practice its patents are marked, or to explain why he does not have such a duty.").

---

[1] Although patented methods generally are not subject to this marking requirement, every Asserted Patent except the '267 patent includes only device claims, and Stellar has asserted only device claims in its complaint. *See* Dkt. 1 ¶¶ 57, 60, 72, 74, 83, 85, 94, 96, 102, 105, 107, 116, 119.

### B. Stellar's Marking Allegation Is a Bare Legal Conclusion Lacking Any Supporting Factual Allegations.

With respect to marking, Stellar's complaint alleges only that, "[t]o the extent applicable, Plaintiff has complied with 35 U.S.C. § 287(a) with respect to the [asserted] patent." *E.g.*, Dkt. 1 ¶ 21. That allegation is thinner than the allegations that the Federal Circuit found to be inadequate in *VDPP*. Notably, Stellar's complaint does not allege that Stellar itself satisfied the marking requirement. It merely alleges that—conditionally—***if*** the statute applies, Stellar complied with it, without saying whether the requirement applies or what actions Stellar did (or did not) take. This is exactly the kind of "bare legal conclusion[]" that the Court "need not . . . accept as true." *VDPP*, 186 F.4th at 1377; *see also X1 Discovery, Inc. v. Microsoft Corp.*, No. SACV 23-2415-GW-JDEX, 2026 WL 2632837, at *4 (C.D. Cal. Aug. 27, 2026) (dismissing claims for pre-suit damages "given X1's aforementioned failure to plead facts that would enable this Court to answer the predicate question of whether Section 287 obligates it to mark its products at all"); *id.* at *5 (citing *VDPP*, 186 F.4th at 1376).

The complaint also is conspicuously silent as to the relevant underlying facts. The Asserted Patents, which are attached to the complaint, indicate prior ownership by United Microelectronics. *See* Dkts. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6 at Cover. Stellar states that it acquired each Asserted Patent "by assignment," Dkt. 1 ¶¶ 19, 22, 25, 28, 31, 34, and refers to alleged "prior licensing communications with Stellar or its predecessors in interest," *id.* ¶ 128. Yet the complaint does not say anything about whether Stellar, any predecessor in interest, or any licensee made or sold patented articles, whether any such articles were marked, or what efforts were made to ensure marking. Those facts are "peculiarly within [the patentee's] own knowledge," *Arctic Cat I*, 876 F.3d at 1366 (quoting *Dunlap v. Schofield*, 152 U.S. 244, 248

(1894)), yet Stellar alleges none of them. *See VDPP*, 186 F.4th at 1377 (rejecting pleading that did "not allege facts showing compliance with 35 U.S.C. § 287 by any of VDPP's licensees").[2]

As noted above, absent an appropriate allegation that it (and its predecessors and licensees) complied with the marking statute, Stellar can state a claim for pre-suit damages only if it plausibly alleges that it gave Samsung actual notice of infringement. "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Arctic Cat II*, 950 F.3d at 864 (citation omitted). Stellar's complaint alleges no such communication, let alone with the requisite specificity. Accordingly, Stellar's demand for pre-suit damages should be dismissed.

## V. CONCLUSION

For the reasons set forth above, the Court should dismiss Stellar's claims for pre-suit damages to each of the Asserted Patents. Should Stellar seek leave to amend, Samsung respectfully submits that any amended complaint would be futile unless it alleges sufficient facts from which the Court can reasonably infer either that Stellar, United Microelectronics Corporation (or any other predecessor in interest), and any licensee complied with § 287(a), or that the marking requirement does not apply.

---

[2] Prior to *VDPP*, courts in this District issued some decisions declining to dismiss pre-suit damages claims where the complaint included general allegations of marking compliance. *See, e.g.*, *Longhorn Auto. Grp., LLC v. Mitsubishi Motors Corp.*, No. 2:24-cv-685-JRG, Dkt. 41 at 11–12 (E.D. Tex. Dec. 19, 2025) (allegation that "Plaintiff has at all times complied with the marking provisions of 35 U.S.C. § 287"); *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-00123-JRG-RSP, 2020 WL 6496425, at *7 (E.D. Tex. Aug. 10, 2020) (allegation that plaintiff "satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the [asserted] patent"), *report and recommendation adopted*, 2021 WL 966016 (E.D. Tex. Mar. 12, 2021). Not only do those decisions predate *VDPP*, but the complaints in those cases included unqualified allegations of compliance. Again, Stellar alleges compliance only "[t]o the extent applicable." *E.g.*, Dkt. 1 ¶ 21.

Dated: November 23, 2026

Respectfully submitted,

*/s/ Nikhil R. Krishnan*

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Gregory S. Arovas (*pro hac vice*)
Todd M. Friedman (*pro hac vice*)
Alex Henriques (*pro hac vice*)
Jae Hyun Kim (*pro hac vice* forecoming)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com
Email: tfriedman@kirkland.com
Email: alex.henriques@kirkland.com
Email: jaehyun.kim@kirkland.com

David Rokach (*pro hac vice*)
Nikhil R. Krishnan (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
333 W Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: drokach@kirkland.com
Email: nikhil.krishnan@kirkland.com

*Attorneys for Samsung Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this day, November 23, 2026.

*/s/ Nikhil R. Krishnan*
Nikhil R. Krishnan